UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 12-51** |
| **THERON GOLSTON** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Theron Golston's **Motion for Appointment of Counsel** (Rec. Doc. 461) is **DENIED**.

## BACKGROUND

On June 26, 2013, defendant pled guilty to the following counts of the second superseding indictment: Count 1, RICO conspiracy, in violation of 18 U.S.C. § 1962(d); Count 2, Drug Conspiracy, in violation of 21 U.S.C. § 846; Count 3, Gun Conspiracy, in violation of 18 U.S.C. § 924(o); Count 8, Violent Crime in Aid of Racketeering ("VICAR") in violation of 18 U.S.C. § 1959, for the non-fatal shooting of Lionisha Dorothy on 8/26/08; Count 10, VICAR in violation of 18 U.S.C § 1959, for the non-fatal shooting of J.J., D.S., and J.B. on 9/13/09; Count 21, VICAR, in violation of 18 U.S.C § 1959, for the non-fatal shooting of G.B. on 4/10/09; and Count 30, VICAR, in violation of 18 U.S.C § 1959, for the murder of Ms. Eula May Ivey.

The defendant entered into a Rule 11(c)(1)(C) plea agreement which called for a life sentence, when the government did not seek the death penalty. Rec. Doc. 247. The Sentencing Guidelines applicable to his case called for a sentencing range of life imprisonment. Count 30 (Murder in Aid of Racketeering) carried a mandatory life sentence.

On November 21, 2013, Golston was sentenced to life in prison as to Counts 1 and 30 and 480 months as to Count 2 and 240 months each as to Counts 3, 8, 10, and 21, all to run concurrently. Rec. Doc. # 334. This sentence was later reduced pursuant to Rule 35 of the Code of Criminal Procedure.

Defendant has filed the instant motion seeking appointment of counsel under 18 U.S.C. § 3006(a)(2)(B) to assist him in pursuing a claim premised on United States v. Davis, 139 S. Ct. 2319 (2019), in which the Supreme Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. He also cites United States v. Jones, 935 F.3d 266, 274 (5th Cir. 2019), which held that a RICO conspiracy is not a § 924(c) crime of violence. The Government opposes the motion.

**DISCUSSION**

There is no general constitutional right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). The appointment of counsel is required only if an evidentiary hearing is held. United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993). However, under 18 U.S.C. § 3006A(2)(b), federal district courts are granted discretionary power to appoint counsel to indigent individuals seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255, when "the interests of justice so require."

Davis addressed the provision contained in 18 U.S.C. § 924(c)(1)(A) which authorized heightened penalties for using, carrying, or possessing a firearm in relation to any "crime of violence or drug trafficking crime." "Crime of violence" is defined in two subparts, the elements clause, § 924(c)(3)(A), and the residual clause, § 924(c)(3)(B). The residual clause defines a "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force

against the person or property of another may be used in the course of committing the offense." The Davis court found the residual clause to be unconstitutionally vague.

Defendant herein was convicted, inter alia, under 18 U.S.C. § 924(o), which makes it a crime to conspire to use, carry, or possess a firearm during and in relation to or in furtherance of a drug-trafficking crime or "crime of violence" as that term is defined in § 924(c)(3). 18 U.S.C. § 924(o); see id. § 924(c)(1)(A). Because § 924(o) incorporates § 924(c) by reference, it potentially implicates § 924(c)(3)(B)'s residual clause and Davis. See In re Cannon, 931 F.3d 1236, 1243 (11th Cir. 2019). However, the residual clause is not implicated in this case, because, as set forth clearly in the factual basis and the plea agreement, defendant's § 924(o) conviction was predicated upon crimes of violence which satisfy the elements clause, and the commission of drug trafficking crimes. Rec. Docs. 246, 247. Davis has no application where the predicate "crime of violence" is based on the elements clause, or where the predicate crime was a drug-trafficking crime. Thus, Davis has no impact on defendant's conviction or sentence, and the interests of justice do not require defendant to receive court appointed counsel to pursue relief premised on Davis. Therefore,

**IT IS HEREBY ORDERED** that defendant Theron Golston's **Motion for Appointment of Counsel** (Rec. Doc. 461) is **DENIED**.

New Orleans, Louisiana, this 11th day of June, 2020.

_____<br>
**MARY ANN VIAL LEMMON**<br>
**UNITED STATES DISTRICT JUDGE**